**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
JAMES LUTCHER NEGLEY,          )
                               )
        Plaintiff,             )
                               )
    v.                         )   Civil Action No. 03-2126 (GK)
                               )
                               )
FEDERAL BUREAU                 )
OF INVESTIGATION,              )
                               )
        Defendant.             )
_____)
```

## ORDER

Plaintiff, James Lutcher Negley ("Plaintiff"), brings this action against Defendant, Federal Bureau of Investigation ("FBI" or "Defendant"), under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff challenges the adequacy of Defendant's search for documents responsive to his FOIA request.

This matter is now before the Court on Plaintiff's Motion for Partial Summary Judgment [Dkt. No. 71] and Defendant's Second Motion for Summary Judgment [Dkt. No. 72]. Upon consideration of the Motions, Oppositions, Replies, and the entire record herein, and for the reasons stated in the accompanying Memorandum Opinion, it is hereby

**ORDERED**, that Plaintiff's Motion for Partial Summary Judgment is **granted**, and Defendant's Second Motion for Summary Judgment is **denied**; and it is further

**ORDERED,** that Defendant's pre-lawsuit search was deficient as a matter of law; and it is further

**ORDERED,** that within 30 days of the date of this Order, the FBI must produce File Number 149A-SF-106204-S-1575 in its entirety, along with a Vaughn Index for any redactions and/or withholdings and a detailed affidavit explaining the bases for any redactions and/or withholdings.  Within 60 days of the datae of this Order, Negley is permitted to take the deposition of the affiant, limited to the topics discussed in the affidavit; and it is further

**ORDERED,** that within 30 days of the date of this Order, Negley is permitted to take the deposition of David M. Hardy at Defendant's cost, limited to the topics discussed in his Fifth Declaration; and it is further

**ORDERED,** that within 60 days of the date of this Order, Defendant must conduct reasonable searches, in response to Negley's FOIA request, for all documents that relate to or reference Negley in any manner, including any reference to File Number 65-21102 as identified in Hardy's Fifth Declaration, of:

1. the ICM database.  Defendant must search the file system using relevant file numbers and dates;
2. the ECF database. Defendant must conduct a search that captures at least the "six-way phonetic breakdown" of Negley's name;

      3.    the ELSUR database.  Defendant must conduct a reasonable search, or specify with sufficient detail the search terms used in its earlier search;

      4.    the Zy database.  Defendant must conduct a reasonable search, or specify with sufficient detail the search terms used in its previous search;

      5.    the SFFO card index.  Defendant must conduct a reasonable search, or explain in sufficient detail its previous method for searching these file systems;

      6.    FBIHQ.  Defendant must conduct a reasonable search, or specify with sufficient detail the search terms used in its previous search;

      7.    handwritten notes, personal files, and restricted files.  Defendant must conduct a reasonable search, or explain in sufficient detail its previous method for searching these file systems.

**ORDERED**, that within 90 days of the date of this Order, Defendant must produce all documents, including duplicates, responsive to Negley's FOIA request, along with a <u>Vaughn</u> Index for any redactions and/or withholdings; and it is further

**ORDERED**, that within 90 days of the date of this Order, Defendant must produce a detailed affidavit explaining the searches

conducted in response to Negley's FOIA request, including all search terms used, and the bases for any redactions and/or withholdings from the documents produced in response to Negley's FOIA request; and it is further

**ORDERED**, that within 120 days of the date of this Order, Negley is permitted to take the deposition of the individual who submits the above affidavit, limited to the topics discussed in that affidavit; and it is further.

September 24, 2009

/s/
Gladys Kessler
United States District Judge

**Copies to**: attorneys on record via ECF